## Nagel v. Ferriman, et al.

(Decided May 3, 1927.)

Appeal from McCracken Circuit Court.

1. Reformation of Instruments.—In suit to enforce mortgage lien, where mortgagor and mortgagee both testified that chattel mortgage should have been for $850.00 instead of for $300.00 as written, proof was clear and convicing that it was a mistake in execution of motgage, and court should have corrected error.

2. Chattel Mortgages.—Where chattel mortgage by tenant on furniture and fixtures was made for $300.00 instead of $850.00 as intended by parties, which mortgage was recorded at time, mortgagee had superior lien to that of landlord for rent for sum of $300.00, balance of amount of mortgage, when corrected to be inferior to landlord's lien.

EDGAR T. WASHBURN for appellants.

J. D. MOCQUOT for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellant Fred W. Nagel and appellees Sloan Bros. are appealing from a judgment rendered in the Mc-

Cracken circuit court. The facts out of which the litigation grow may be understood from a brief statement. Sloan Bros. are the owners of a storeroom in the city of Paducah which was rented to F. M. Ferriman and his wife, Gertrude Ferriman, who fell behind with their rent. Sloan Bros. appeared before a justice of the peace and obtained a distress warrant for rent due for the months of September and October, 1925, amounting to $250. Thereafter they obtained another distress warrant for rent, which later became due, amounting to $150, making a total of $400. This distress warrant was issued in November, 1925. The first distress warrant was issued in by a return thereon that it was executed October 22, 1925, "by distraining on stock and furniture." This return was made by E. W. Berry, constable. There is an additional return or report which appears with the papers according to the certification of the circuit court clerk and this return or report must apply to both distress warrants. The second distress warrant was executed on November 14, and the return shows that a stock of goods and furniture were distrained. The return which the clerk certifies appears with the papers shows that the distress warrant was executed by levying on the stock of goods as set out in an appraisement filed with the return. This paper, which the clerk calls a return or report, is also a report of sale. The appraisement first appearing in the record contains a list of 53 separate articles with the valuation placed thereon. The total appears to amount of $126.75. This report or return made on the 30th day of November, 1925, shows that the property mentioned in the appraisement was offered for sale on November 30, 1925, and the report states that the property was first offered for sale by separate articles and was then offered for sale as a whole, and that Sloan Bros. bought the whole for $200.

The sale referred to above is rather difficult to understand, as the proof shows that all of the fixtures and the entire stock belonging to Mr. and Mrs. Ferriman were sold and purchased by Sloan Bros. for $200. We find in the record another appraisement made by Frank P. Hill and Gus Lockwood. This appraisement bears no date, but it consists of an itemized statement showing the separate items of property and the value placed on each separate article. The total value was fixed by appraisers at $2,694. By reference to the advertisement, which is

also copied in the record, we find that the constable advertised for sale the stock and merchandise, furniture, and fixtures in a certain store in the city of Paducah. His advertisement shows that he was selling all of the personal property in the storeroom belonging to Mr. and Mrs. Ferriman, and his report, showing that it was sold for $200, obviously means that he sold the entire stock and merchandise and the furniture and fixtures for $200. An examination of the appraisement shows that the property consisted of furniture and fixtures. The separate appraisements are accounted for by reason of the fact that some of the furniture and fixtures were not covered by the mortgage of the appellant Fred W. Nagel. This accords with the proof in the case. That which was not covered by the mortgage was appraised at $126.75, and that which was covered by the mortgage was appraised at $2,694, and we gather from the pleading and proof, although not from the report of sale, that the unmortgaged property was sold for $78 as a whole to Sloan Bros., and that the mortgaged property was sold to them for $200. This all took place in the proceedings under the distress warrant in the court of Justice S. H. Winstead. There is no order showing that the report of sale was confirmed and the proceeding under the distress warrant apparently had not been disposed of when the appellant Fred W. Nagel filed his petition in equity in the McCracken circuit court seeking to enforce his mortgage lien against the property which had been exposed for sale by the constable and purchased by Sloan Bros.

Nagel's petition alleges that he became surety on a note for $850, due and payable October 25, 1912, and that Ferriman was the principal; that Ferriman executed a mortgage on certain furniture and fixtures to indemnify him against loss by reason of his suretyship; that no part of the note had been paid, except $150, and that he was still bound on it as surety; that while the mortgage, which was executed to secure him from loss, shows that the note was $300, the amount was wrongly stated through an error in writing the mortgage. The mortgage was recorded at the time and Nagel sought to have the mistake corrected and his mortgage lien enforced. He alleged in his petition that R. G. Terry had a lien against the property covered by his mortgage inferior to his lien and he called upon Terry to file his answer. Nagel alleged that he had not discovered the mistake in the mortgage until just prior to the filing of the suit and that

Ferriman was insolvent. He prayed for a correction of the mortgage and that his lien be enforced and the property sold. He also sought and obtained a specific attachment which was allowed by the circuit judge. The attachment is not the record and the clerk certified that he cannot find either the attachment or the return thereon, but it appears to be admitted that the attachment was issued.

At the January term, 1926, of the McCracken circuit court, an order was entered in the Nagel suit, directing that a certain proceeding of Lena Jones against F. M. Ferriman in the McCracken quarterly court be transferred to the circuit court, and that the action of Sloan Bros. against Ferriman in the court of Justice S. H. Winstead should be transferred to the circuit court, and that the two actions so transferred should be consolidated with the Nagel action. We find no further reference in the record to the Jones action, but the papers in the court of Justice Winstead were transferred to the circuit court.

Sloan Bros. filed their answer in the circuit court and made it an intervening petition. Their answer alleges that the Ferrimans were their tenants and had been for many years prior to the levy of the attachment in the Nagel case, and that at the time of the removal of the personal property covered by the mortgage to the premise of Sloan Bros. The mortgage in favor of Nagel was only for $150, and to that extent only could it be held a prior or superior lien to their claim for rent. They prayed that their lien as set out in the distress warrants should be held superior to the mortgage, except to the extent of $150. Nagel amended his original petition in which he made Sloan Bros. a party to the action, but this was done after they had filed their answer and intervening petition. R. G. Terry filed an answer, in which he alleged that the Ferrimans were indebted to him in the sum of $250 for money which he loaned them to pay rent to Sloan Bros., and that they executed to him a bill of sale covering the property also covered by the mortgage of Nagel, and he admits in his answer that Nagel has a lien for $700 which is superior to his lien. He alleges that his lien for $250 is superior to the lien of Sloan Bros. for $400, but inferior to the lien of Nagel for $700. Nagel filed an answer to the intervening petition of Sloan Bros., in which he alleges that his mortgage lien for $700 is superior to the lien of Sloan Bros. for $400. He further alleges that the property covered by his mortgage was of

the value of $2,694, which was sufficient to pay his debt, as well as the debt of Terry and Sloan Bros. It was also alleged in his answer to the intervening petition that it was announced at the sale of the property that the sale was made subject to his mortgage lien of $700, and the lien of Terry for $250. All this was denied by Sloan Bros. in a reply.

The proof shows without dispute that it was the intention of both Nagel and Ferriman that the mortgage should be for $850. Nagel so testified and Ferriman so testified, and that brings the case within the well-recognized rule that, unless the proof is clear and convincing that there was a mistake in the execution of the writing, it will not be corrected. The court should have corrected the error in the mortgage. The judgment of the court is ambiguous, but taken as a whole it shows that the court directed that the property be sold to satisfy the liens. The first lien to be satisfied was that of Nagel for $300, then the lien of Sloan Bros. for $400 was to be satisfied, and last, the lien of Terry for $250, was to be satisfied, and after the payment of these claims and the cost, if there was anything left, it was to be paid to Ferriman. It is true the judgment directs the payment of $300 to Nagel by Sloan Bros. within 10 days under penalty of having the sale set aside, but the judgment further directs that the sale be made and that the proceeds shall be distributed as above indicated.

Since the mortgage of Nagel as it appears on the record in the office of the county court clerk was for $300, the lower court was correct in holding that Nagel should have a superior lien to that of Sloan Bros. for the sum of $300, with interest. The court was in error, however, in not allowing Nagel, after his mortgage was corrected, a lien for $700, of which $300 only should be superior to that of Sloan Bros. The sale made by the constable appears to have been ignored, and the pleadings fail to show that this sale was relied on by Sloan Bros., and in that they show a sense of justice and fair play which is commendable in them. The property should be resold and the proceeds should be distributed as follows: (1) The mortgage lien of Nagel to the extent of $300, with interest, the amount shown by the mortgage on record, should first be paid out of the proceeds. (2) The lien of Sloan Bros. for $400 with interest, should be paid next. (3) The balance of the mortgage lien of Nagel, that is,

$400, with interest, should be paid next.  (4) The mortgage lien of Terry for $250 should then be paid, and, if there is any balance after the payment of the costs, it should be paid to Ferriman.

The judgment is reversed and remanded for proceedings consistent with this opinion.