## Nagel v. Ferriman, et al.

(Decided May 15, 1928.)

### Appeal from McCracken Circuit Court.

1. Judicial Sales.—Property sought to be subjected to lien of creditors, which court directed master commissioner to sell at convenient place, and which was located in store of debtor, held necessarily in possession of court, and subject to orders of court.

2. Judicial Sales.—In sale by master commissioner of property located in store of debtor to satisfy liens of creditors, motion for order directing master commissioner to take property out of possession of debtors and store it until day of sale, on ground that property will not bring as much if sold in debtors' store as if sold

elsewhere, since bidders might be reluctant to bid against women debtors, held properly denied.

3. Judicial Sales.—Court has power within its discretion to fix time and place for sale of property by master commissioner to satisfy liens of creditors, and a judgment of chancellor in such matters should not be disturbed, unless it is clearly shown that it is against weight of evidence.

EDGAR T. WASHBURN for appellant.

J. D. MOCQUOT for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This is the second appeal of this case. The first opinion is reported in 219 Ky. 635, 294 S. W. 184. The judgment was there reversed, with directions to the lower court to enter a judgment in conformity with the opinion. Upon the return of the case, the lower court entered a judgment strictly in conformity with the opinion of this court. It appears that the property sought to be subjected to the lien of different creditors is in the store of Hegarty Sisters in the city of Paducah. The property is in use. Necessarily it is in the possession of the court, and subject to the orders of the court. The court directed the master commissioner to make sale of the property at a convenient place after giving ten days' notice thereof, as is required by law.

Before the judgment was entered, the appellant entered a motion for an order directing the master commissioner to take the property out of the possession of Hegarty Sisters and store it in some safe place until the day of sale. The argument is advanced that the property will not bring as much if it is sold in their store as it will if sold elsewhere, for the reason that there would be a reluctance on the part of bidders to bid against these women. That may be true. However, we have no way of knowing whether the gallantry of the creditors or others will tend to allow a sacrifice of the property. It is agued, and the argument is supported by affidavits, that Hegarty Sisters have announced that they desire to purchase the property, and for that reason others will not enter their store and bid against them. It occurs to us that creditors who stand to lose money, unless the property brings enought to pay their debts, might be inclined to run the price up on the Hegarty Sisters, if it is known that they desire to retain the property in its present location.

These matters addressed themselves to the sound discretion of the court. The judgment of the chancellor should not be disturbed in such matters, unless it is clearly against the weight of the evidence. There is nothing wrong with the judgment as entered, and, since the court had the power to fix the time and place for the sale of the property, we necessarily must affirm the judgment The questions which appellant seeks to raise would be more properly directed at the report of the sale by exceptions thereto.

Judgment affirmed.