## Ferriman v. Sloan Brothers.

(Decided February 15, 1929.)

EDGAR T. WASHBURN for appellant.

J. D. MOCQUOT for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This case grows out of Nagel v. Ferriman et al., 219 Ky. 635, 294 S. W. 184, the second appeal of which is reported in 224 Ky. 538, 6 S. W. (2d) 689. Reference is now made to that case for the history of, and the facts involved in, the litigation. This suit was brought by Ferriman against his landlords, the Sloan Bros., to recover the value of the use of his property which they distrained under a distress warrant, and which was later sold in the proceedings had under the distress warrant; the Sloan Bros. buying the property in and taking possession of it. This sale was later set aside by the judgment in the Nagel case, supra, and the property was ordered resold to satisfy the liens against it, including the landlord's lien of the Sloan Bros., which was by the judgment made subordinate to a part of Nagel's mortgage lien. Evidently the sale ordered by the judgment which was the subject of the appeals in the Nagel cases, supra, had not yet been held when this suit was brought in July, 1928, for the petition as amended alleges that the appellant, plaintiff below, was then the owner of the property involved, and

that Sloan Bros., had had possession of it ever since it had been taken from the possession of the appellant under the distress warrant. A demurrer was sustained to the petition as amended, and, the appellant declining to plead further, his petition was dismissed. He has appealed.

Although appellant in his petition as amended averred that the issual of the distress warrant and the proceedings had under it were wrongful and illegal, this was but the conclusion of the pleader. No facts were alleged to support that averment. On the contrary, the allegation was contradicted by a copy of the judgment in the Nagel case, supra, which was filed with the petition as an exhibit. This judgment, which bound all the parties to it, the present appellant as well as the present appellees, did set aside the sale held by virtue of the distress warrant, but, fairly construed, sustained the validity of the distress warrant itself and the levy had under it. Under familiar law, the exhibit must control if there be conflict between it and the allegations in the pleading to which it is annexed as an exhibit. Now the appellant was divested of the right of possession of the property in question by virtue of this distress warrant, and, so far as this record shows, has never been reinvested with it. Indeed, on the second appeal of the Nagel case, in construing this very judgment which is filed as an exhibit in this case, we said that under it the property here in question was in the possession of the court. Indeed, we do not find anywhere in the petition as amended any allegation that during any of the time here in controversy appellant was entitled to the possession or use of the property seized under the distress warrant. He does aver that he was the owner of it during this period, but he also discloses enough to show that he was rightfully deprived of its possession under the distress warrant.

We shall not undertake to analyze the situation and determine just what was the relationship existing between appellant and appellees on account of the latter's actual possession of the property in question under the distress warrant, for appellant cannot recover for the value of its use during the time when he was not entitled to such use. If the detention was lawful, appellant is not entitled to damages for such detention. See 18 C. J. 1024, sec. 101. See, also, the case of Peruvian Guano Co., Ltd., v. Dreyfus, 1892, A. C. 166, cited in the footnote. It follows that the court did not err in sustaining the demurrer of the

appellees to the petition of the appellant as amended, and its judgment dismissing appellant's petition after he had declined to plead further is affirmed.